IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00561-MSK-BNB

DANNY R. FISH,

Plaintiff,

v.

WARDEN HOYT BRILL,
ASST. WARDEN GREG WILKINSON,
CHAPLAIN F. DYCUS,
FOOD SERVICE MANAGER DAVID MORTONSON, and
S/CO OSBORNE,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises *sua sponte*. On April 29, 2011, I issued an order [Doc. #38] denying without prejudice the defendants' motion for extension of time to designate experts. On May 4, 2011, I issued another order [Doc. #41] granting the defendants' motion to amend the Scheduling Order. The orders were mailed to the plaintiff, Mr. Fish, at his address of record at the Sterling Correctional Facility. The envelopes addressed to Mr. Fish were returned as undeliverable [Docs. #42 and #43] because Mr. Fish has been released on parole.

Mr. Fish's last filing in this case--a filing fee payment--was received March 9, 2011 [Doc. #32]. The court has not received a notice of change of address from Mr. Fish as required by D.C.COLO.LCivR 10.1M, and has had no other contact with him since March 9, 2011. Consequently, I ordered Mr. Fish to show cause in writing on or before June 17, 2011, why the

1

Complaint should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute. D.C.COLO.LCivR 41.1. I warned Mr. Fish that failure to respond to the order on or before June 17, 2011, would result in a recommendation that the Complaint be dismissed in its entirety. Mr. Fish did not respond to my show cause order. Accordingly,

I respectfully RECOMMEND that the Complaint be dismissed based on the plaintiff's failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute. D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 22, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge